UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDWARD P. HART,**

      **Plaintiff,**

   v.

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

Case No. 2:14-cv-00527
**JUDGE GREGORY L. FROST**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation ("R&R") dated July 16, 2015. (ECF No. 16.) In that filing, the Magistrate Judge recommended that the Court reverse the Commissioner's non-disability finding and remand this case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four. Specifically, the Magistrate Judge found that remand is necessary in order for the Administrative Law Judge ("ALJ") to reevaluate the evidence under step three of the sequential evaluation process. The Commissioner objects to this conclusion (ECF No. 17), and Plaintiff filed a reply in support of the R&R (ECF No. 19).

For the reasons that follow, the Court **OVERRULES** the Commissioner's objection and **AFFIRMS** and **ADOPTS** the R&R.

    **I.**     **BACKGROUND**

Plaintiff applied for disability benefits in January of 2011, alleging that he has been disabled since March of 2003. Plaintiff asserts that he suffers from a variety of ailments, including epilepsy and seizures, which allegedly began twenty years ago when Plaintiff was hit by a truck. Plaintiff claims that he suffers between eight and sixteen seizures per month despite

1

taking his medication.  According to Plaintiff, the seizures prevent him from maintaining gainful employment.

An ALJ held a hearing on Plaintiff's case on December 11, 2012.  The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act") and produced a written decision to that effect.  That decision became the Commissioner's final decision when the Appeals Council declined review.

Plaintiff filed suit with this Court seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff asserted that the ALJ erred in several ways, including by finding that Plaintiff's seizure disorder does not meet or exceed the listing requirements set forth in Listing 11.03 of the Commissioner's Listing of Impairments, 20 C.F.R. § 404, Subpart P, Appendix 1.  Plaintiff concluded that the ALJ failed to properly analyze step three of the sequential evaluation process such that remand is necessary.

The Magistrate Judge agreed.  The Magistrate Judge first set forth the sequential evaluation process:

> Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:
>
> 1. Is the claimant engaged in substantial gainful activity?
> 2. Does the claimant suffer from one or more severe impairments?
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

2

> *See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

(ECF No. 16, at PAGEID # 6 n.2.)

In addressing the third question, the Magistrate Judge noted that the claimant has the burden to prove that he or she satisfies every element of a specific listing before the Commissioner can conclude that he or she is disabled. The Magistrate Judge also noted, however, that an ALJ must "actually evaluate the evidence, compare it to the Listing, and give an explained conclusion, in order to facilitate meaningful review." (*Id*. at PAGEID # 1261 (quoting *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (internal quotations omitted).)

Applying those principles to this case, the Magistrate Judge reproduced the ALJ's step three determination in full:

> . . . [T]he [ALJ] considered the claimant's seizures/epilepsy under section 11.00 (neurological) and SSR 87-6. However, the [Plaintiff's] condition does not meet or equal the requirements of any section within the neurological category or within the Social Security Ruling. Specifically, the medical evidence does not demonstrate seizure activity at listing level frequency after compliance with proper treatment and prescription medication.

(*Id*. at PAGEID # 1260 (quoting R. at 14).) The Magistrate Judge found this analysis to be "conclusory," and stated: "the Undersigned cannot decipher what evidence the ALJ relied upon in concluding that Plaintiff did not meet Listing 11.02 or 11.03." (*Id*.)

The analysis did not, however, end there. The Magistrate Judge acknowledged that "[t]he Sixth Circuit has found an ALJ's conclusory findings at step three to be harmless error where the plaintiff did not put forth sufficient evidence to demonstrate that his or her impairments met or medically equaled the severity of the listing." (*Id*. at PAGEID # 1261 (citing *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).) The Magistrate Judge therefore

3

framed the issue in this case as "whether record evidence raises a substantial question as to Plaintiff's ability to satisfy each requirement of [Listing 11.03]." (*Id.* (citing *Smith-Johnson*, 579 F. App'x at 432–33 (internal citations omitted).)

>Listing 11.03 covers the following specific impairments:
>
>Epilepsy - nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern including all associated phenomena, occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. § 404, Subpt. P, App'x 1, § 11.03. Listing 11.03 therefore includes four elements: (1) a documented typical seizure pattern, (2) seizures that occur more than once a week, (3) at least three months of prescribed treatment during which the weekly seizures occurred, and (4) specific unconventional behavior or significant interference with daily activities.

The Magistrate Judge analyzed each element of Listing 11.03 with respect to Plaintiff's claim. Regarding the first element, the Magistrate Judge found that Plaintiff's medical records detailed a typical seizure pattern so as to satisfy the Listing. The Commissioner does not object to this conclusion.

The Commissioner similarly does not object to the Magistrate Judge's analysis of the fourth element. With respect to that element, the Magistrate Judge pointed to Plaintiff's testimony as well as his neurologist's notes in concluding that Plaintiff had presented evidence capable of satisfying the final element of Listing 11.03.

The second and third elements of Listing 11.03 are at issue in this case. In analyzing these elements, the Magistrate Judge pointed to Plaintiff's testimony that he suffered at least one seizure a week, as well as notes from Dr. Shneker (Plaintiff's neurologist) noting that Plaintiff has between four and eight seizures per month and that, at one point, Plaintiff had weekly

seizures despite taking Keppra (seizure medication). The Magistrate Judge further noted that Dr. Shneker prescribed Keppra XR in March of 2011 but that, in September of 2011, Dr. Shneker reported that Plaintiff's seizures were not controlled. Finally, the Magistrate Judge noted that Plaintiff reported to hospital personnel in October of 2011 that he takes Keppra as prescribed.

The Magistrate Judge concluded that this evidence was sufficient to raise a question as to whether Plaintiff's seizure disorder meets or medically exceeds the requirements of Listing 11.03. As such, the Magistrate Judge found that the ALJ's failure to explain her reasoning in concluding that Plaintiff did not satisfy Listing 11.03 constituted reversible error.

The Commissioner objects to this conclusion. The Court will consider the Commissioner's objection below.

## II. DISCUSSION

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This standard must be applied in light of the well-settled standard of review in social security cases:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431,

> 435 (6th Cir. 1985); *Houston v. Sec'y*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Sec'y*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

*Kaplun v. Comm'r of Soc. Sec.*, No. 2:14-cv-00439, 2015 WL 1954453, at *2 (S.D. Ohio Apr. 29, 2015).

**B.     The Commissioner's Objection**

The Commissioner offers a sole objection to the R&R: that the Magistrate Judge "should have properly considered the evidence explicitly considered elsewhere in the decision to determine what evidence the ALJ evaluated." (ECF No. 17, at PAGEID #1269.)  The Commissioner concludes that, because the ALJ evaluated evidence related to the frequency of Plaintiff's seizures and his medication in other parts of the written decision, the Magistrate Judge erred in finding that remand is necessary to allow the ALJ to reevaluate step three of the sequential evaluation process.

The Commissioner's argument is unavailing.  Tellingly, the Commissioner does not reference the Magistrate Judge's (and the Sixth Circuit's) statement that an ALJ must "actually evaluate the evidence, compare it to the Listing, and give an explained conclusion, in order to facilitate meaningful review."  (ECF No. 16, at PAGEID # 1261.)  The Commissioner's suggestion that the Magistrate Judge should have ignored this requirement, evaluated other parts of the ALJ's written opinion, and speculated about the evidence the ALJ might have considered in analyzing Listing 11.03 is not persuasive.

6

Moreover, the Commissioner's own analysis of this evidence leaves much to be desired. In attempting to rebut the Magistrate Judge's conclusion that Plaintiff raised a substantial question about whether he meets Listing 11.03's requirements, the Commissioner states that "Plaintiff reported a number of periods of noncompliance with treatment for his seizure disorder," that "many" of Plaintiff's seizures occurred "during periods when he reported that he was not taking his medication," that Plaintiff only visited the emergency room "few" times for seizures, and that Plaintiff used to work despite his seizure disorder.  (ECF No. 17, at PAGEID # 1269–70.)  Although this evidence is relevant to the ALJ's ultimate conclusion on this issue, it does not demonstrate that the Magistrate Judge erred in finding that Plaintiff raised a substantial question regarding Listing 11.03.  The Commissioner therefore fails to demonstrate that the Court should reject or modify the Magistrate Judge's conclusions in the R&R.

### III. CONCLUSION

As a result of the foregoing, the Court **OVERRULES** the Commissioner's objection (ECF No. 17), **AFFIRMS** and **ADOPTS** the R&R (ECF No. 16), and **REMANDS** this case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    **/s/ Gregory L. Frost**
    **GREGORY L. FROST**
    **UNITED STATES DISTRICT JUDGE**